COOPER, WHITE & COOPER LLP
JILL ROWE (SBN 197713)
PATRICK M. ROSVALL (SBN 217468)
SCOTT M. McLEOD (SBN 242035)
201 California Street, 17th Floor
San Francisco, California 94111
Telephone:     (415) 433-1900
Facsimile:     (415) 433-5530

Attorneys for Comcast of Sacramento I, LLC;
Comcast of Sacramento II, LLC; and Comcast of
Sacramento III, LLC

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| COMCAST OF SACRAMENTO I, LLC, a California limited liability company; COMCAST OF SACRAMENTO II, LLC, a California limited liability company; and COMCAST OF SACRAMENTO III, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>SACRAMENTO METROPOLITAN CABLE TELEVISION COMMISSION and DOES ONE THROUGH TWENTY,<br><br>Defendants. | CASE NO.<br><br><br>COMPLAINT |

Plaintiffs COMCAST OF SACRAMENTO I, LLC, a California limited liability company; COMCAST OF SACRAMENTO II, LLC, a California limited liability company; and COMCAST OF SACRAMENTO III, LLC, a California limited liability company (collectively, "Comcast") allege as follows:

## PARTIES

1. COMCAST OF SACRAMENTO I, LLC, is a California limited liability company and is a citizen of the state of Pennsylvania.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1065316.1

COMPLAINT

2. COMCAST OF SACRAMENTO II, LLC, is a California limited liability company and is a citizen of the state of Pennsylvania.

3. COMCAST OF SACRAMENTO III, LLC, is a California limited liability company and is a citizen of the states of Michigan and Pennsylvania.

4. SACRAMENTO METROPOLITAN CABLE TELEVISION COMMISSION ("SMCTC") is a joint powers agency that performs certain regulatory functions relative to cable television and/or video franchises in Sacramento County, California.

5. SMCTC acts on behalf of Sacramento County, and the cities of Sacramento, Citrus Heights, Elk Grove, Rancho Cordova, Folsom, and Galt.

6. The true names and capacities of Defendants Does 1 through 20, inclusive, are unknown to Comcast at this time. Comcast therefore sues said Defendants by such fictitious names. Comcast will seek leave of court to amend this complaint when said true names and capacities have been ascertained.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 based upon complete diversity of citizenship between Comcast and SMCTC and the amount in controversy exceeds $75,000.

8. None of the Comcast entities is a citizen of California. SMCTC is a citizen of Sacramento, and this dispute involves a security deposit with a value exceeding $75,000. Therefore, complete diversity exists and the amount in controversy requirement for diversity jurisdiction is satisfied.

9. Venue and intradistrict venue is appropriate because the claims alleged arose in Sacramento County.

## GENERAL ALLEGATIONS

10. This case involves the SMCTC's wrongful confiscation of a security deposit, plus interest, that belongs to Comcast.

11. Prior to October 16, 2008, Comcast held a local video franchise in each of the communities that participates in the SMCTC.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1065316.1

2

COMPLAINT

12. On October 16, 2008, the California Public Utilities Commission ("CPUC") granted Comcast a state-issued video franchise pursuant to the Digital Infrastructure and Video Competition Act of 2006 ("DIVCA") governing Sacramento County and the cities of Sacramento, Citrus Heights, Elk Grove, Rancho Cordova, and Folsom.

13. As of the effective date of the state-issued video franchise, the local franchises were terminated in Sacramento County, and in the cities of Sacramento, Citrus Heights, Elk Grove, Rancho Cordova, and Folsom.

14. On September 12, 2011, the CPUC granted Comcast a state-issued video franchise pursuant to DIVCA in Galt, thereby terminating all of Comcast's former local franchises subject to SMCTC's authority.

15. Section 5.28.1650 of the Sacramento Municipal Code required cable franchisees to deposit with the SMCTC a security deposit in the amount of $250,000. Section 5.28.1650 further provides that interest shall accrue on that amount.

16. On information and belief, Comcast's predecessor in interest provided a security deposit of $250,000 with the SMCTC pursuant to Section 5.28.1650 of the Sacramento Municipal Code, or pursuant to the version of Section 5.28.1650 in effect at that time.

17. As reflected in Section 5.28.1650 of the Sacramento Municipal Code, the purpose of the security deposit was to ensure faithful performance of the local video franchise within the communities that are subject to the SMCTC's jurisdiction.

18. As of late 2014, the security deposit, plus interest, was approximately $216,563. Interest has accrued on that amount since then and through the present.

19. Section 5.28.1650 of the Sacramento Municipal Code provides that upon termination of the franchise, the balance of the deposit, including all interest, shall be returned to the franchisee.

20. Similar provisions to the Sacramento Municipal Code exist for the other municipalities that are subject to the SMCTC's authority.

21. Comcast's franchise pursuant to which the deposit was made has terminated under Public Utilities Code Section 5840(o), and no separate local franchises are permissible under

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1065316.1

3

COMPLAINT

1  DIVCA, as confirmed by Public Utilities Code Section 5840(a).

2      22.    On or about November 10, 2014, Comcast demanded the return of the security
3  deposit, plus accrued interest.

4      23.    From the time of termination of the local franchise through approximately March 5,
5  2015, SMCTC was holding the security deposit in trust for Comcast and for the benefit of
6  Comcast.

7      24.    On March 5, 2015, the SMCTC voted to confiscate the security deposit.

8      25.    On information and belief, SMCTC moved the security deposit into its general fund
9  during March 2015.

10     26.    SMCTC has refused and continues to refuse to return the security deposit,
11 including interest, or any part of it.

12     27.    On August 7, 2015, Comcast gave notice of its claim against SMCTC pursuant to
13 Government Code section 900 *et seq.*, to the extent such statute is applicable.

14     28.    On December 9, 2015, the SMCTC rejected Comcast's claim.

## FIRST CAUSE OF ACTION

### (Conversion)

17     29.    Comcast realleges paragraphs 1-28 as if set forth in full.

18     30.    As set forth above, SMCTC has converted Comcast's security deposit, including
19 interest thereupon.

## SECOND CAUSE OF ACTION

### (Common Count)

22     31.    Comcast realleges paragraphs 1 through 28 as if set forth in full.

23     32.    For the reasons set forth above, SMCTC is indebted to Comcast in the amount of at
24 least $216,563, for money had and received by SMCTC for the use and benefit of Comcast.

25 / / /
26 / / /
27 / / /
28 / / /

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1065316.1

4

COMPLAINT

WHEREFORE, Comcast prays for judgment against SMCTC as follows:

1. For compensatory damages according to proof;
2. For interest at the legal rate on the foregoing;
3. For costs of suit herein incurred;
4. For such other and further relief as the Court may deem proper.

DATED: June 8, 2016                COOPER, WHITE & COOPER LLP

By: _____
Jill B. Rowe
Attorneys for Comcast of Sacramento I, LLC;
Comcast of Sacramento II, LLC; and Comcast of Sacramento III, LLC

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1065316.1

5
COMPLAINT